UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICTOR ANDREWS,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 18-587 |
| ILLINOIS CENTRAL<br>RAILROAD COMPANY,<br>    Defendant | SECTION: "E" (1) |

## ORDER AND REASONS

Before the Court is a motion for partial summary judgment on the issue of liability for his on-the-job injuries, filed by Plaintiff Victor Andrews.[1] Defendant Illinois Central Railroad Company, doing business as CN Railroad, ("CN Railroad") opposes.[2] For the reasons that follow, the Court **DENIES** Plaintiff's motion.

## BACKGROUND

On April 9, 2016, Plaintiff was working as a conductor for Defendant CN Railroad on a train traveling from Jackson, Mississippi to New Orleans, Louisiana.[3] His duties included applying handbrakes on railcars.[4] While Plaintiff was attempting to secure a handbrake, the brake stopped turning.[5] Plaintiff alleges this jolted his body and caused pain in his arm and shoulder.[6] He alleges the handbrake malfunction caused him to "sustain injuries to his neck, shoulder, spine, and about his body."[7]

---

[1] R. Doc. 23.
[2] R. Doc. 32, *amending* R. Doc. 27.
[3] R. Doc. 23-7 at 1, ¶ 1; R. Doc. 32-1 at 1, ¶ 1.
[4] R. Doc. 23-7 at 1, ¶ 4; R. Doc. 32-1 at 2, ¶ 4.
[5] R. Doc. 23-7 at 1–2, ¶¶ 5–6; R. Doc. 32-1 at 2, ¶¶ 5–6.
[6] R. Doc. 23-7 at 2, ¶¶ 6–9.
[7] R. Doc. 1 at 2, ¶ 6.

1

On January 19, 2018, Plaintiff filed his Complaint[8] pursuant to the Federal Employers' Liability Act (FELA).[9] He alleges Defendant CN Railroad was negligent and that it violated the Safety Appliance Act (SAA).[10]

On January 22, 2019, Plaintiff filed the instant motion.[11] He moves for summary judgment "on the issue of liability, leaving only the issue of damages for jury determination."[12] Plaintiff states Defendant violated a provision of the SAA that provides, "a railroad carrier may use or allow to be used on any of its railroad lines . . . a vehicle only if it is equipped with . . . efficient hand brakes."[13] Plaintiff argues he is entitled to judgment as a matter of law on liability for his injuries because he was an employee of Defendant, Defendant violated the SAA, and the violation caused his injury.[14] In its opposition, Defendant admits Plaintiff was its employee and that it committed a "technical violation of the [SAA] regarding the handbrake."[15] However, Defendant argues there are genuine issues of material fact with respect to the cause of Plaintiff's injuries.[16]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[17] "An issue is material if its resolution could affect the outcome of the action."[18] When assessing whether a material factual dispute exists, the Court considers "all of the

---

[8] R. Doc. 1.
[9] 45 U.S.C. § 51 *et seq.*
[10] 49 U.S.C. § 20302.
[11] R. Doc. 23.
[12] *Id.* at 1.
[13] 49 U.S.C. § 20302(a)(1)(B).
[14] R. Doc. 23-6 at 8–9.
[15] R. Doc. 32 at 5; R. Doc. 32-1 at 3, ¶ 15.
[16] R. Doc. 32 at 4–6.
[17] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[18] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[19] All reasonable inferences are drawn in favor of the non-moving party.[20] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[21]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." To satisfy Rule 56's burden of production, the moving party must do one of two things: "the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim" or "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[22]

---

[19] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[20] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[21] *Hibernia Nat'l. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).
[22] *Celotex*, 477 U.S. at 322–24.

## ANALYSIS

"Under FELA, an injured railroad employee may recover damages for 'injury or death resulting in whole or in part from the negligence' of the railroad."[23] The Fifth Circuit has explained:

> FELA provides the exclusive remedy for a railroad employee engaged in interstate commerce whose injury resulted from the negligence of the railroad. . . . A railroad is charged with providing a reasonably safe work environment for its employees. Negligence within the meaning of FELA exists if the defendant railroad knew, or by the exercise of due care should have known that its conduct was inadequate to protect the plaintiff and similarly situated employees. . . . The cause of action is one for negligence, which requires proof of breach of a standard of care, causation, and damages. If an injury has multiple causes, it is sufficient if the railroad's negligence played a part—no matter how small—in bringing about the injury.[24]

The SAA "did not create a federal cause of action for either employees or nonemployees seeking damages for injuries resulting from a railroad's violation of the Act," but railroad employees may bring suit under FELA.[25] In FELA actions brought by railroad employees alleging SAA violations, "the injured employee is required to prove only the statutory violation and thus is relieved of the burden of proving negligence. He is not required to prove common-law proximate causation but only that his injury resulted in whole or in part from the railroad's violation of the Act."[26]

In his Complaint, Plaintiff makes factual allegations about only one incident occurring on April 9, 2016—the incident involving the handbrake malfunction.[27] Plaintiff

---

[23] *Huffman v. Union Pac. R.R.*, 675 F.3d 412, 416 (5th Cir. 2012) (quoting 45 U.S.C. § 51).
[24] *Id.* (citations, internal quotation marks, and brackets omitted).
[25] *Crane v. Cedar Rapids & I. C. Ry. Co.*, 395 U.S. 164, 166 (1969); *see also Nivens v. St. Louis Sw. Ry. Co.*, 425 F.2d 114, 121 n.3 (5th Cir. 1970).
[26] *Id.*
[27] R. Doc. 1.

4

alleges the handbrake malfunction caused him to "sustain injuries to his neck, shoulder, spine, and about his body."[28] In the instant motion, Plaintiff states the handbrake incident caused him "pain in his arm and shoulder area," but he kept working.[29] He states that, "just a few minutes later[,] he bent over to align a railroad switch. As he did so, he felt a jolting pain that was not only in his arm and shoulder, but extended down his neck into his back."[30] Plaintiff asserts it is an undisputed fact that Plaintiff's "doctors have testified that [his] injuries and resulting restrictions were caused, at least in part, by his attempt to apply the defective handbrake."[31] Plaintiff argues that, because the defective handbrake was in violation of the SAA, he has shown all of his injuries resulted in whole or in part from Defendant's SAA violation.[32] He argues he is entitled to partial summary judgment on the issue of liability.[33]

In response, Defendant admits it violated the SAA in connection with the handbrake, but argues summary judgment is not warranted because some of Plaintiff's injuries resulted not from the incident with the handbrake, but from a separate incident with a track switch occurring the same night.[34] Defendant asserts there are genuine issues of material fact about which of Plaintiff's injuries were caused by each incident.[35] Defendant points to the deposition testimony of Plaintiff's treating physician, Dr. Rahul Vohra,[36] that Plaintiff has two different medical conditions: a right elbow strain and a degenerative condition in his lumbar spine.[37] Defendant asserts, based on Dr. Vohra's

---

[28] *Id.* at 2, ¶ 6.
[29] R. Doc. 23-6 at 3.
[30] *Id.*
[31] R. Doc. 23-7 at 3, ¶ 13.
[32] R. Doc. 23-6 at 9.
[33] *Id.*
[34] R. Doc. 32 at 4–6.
[35] R. Doc. 32-1 at 3–4, ¶¶ 16–22.
[36] R. Doc. 32-3.
[37] R. Doc. 32-1 at 4, ¶ 18.

5

testimony, the conditions may have had two separate causative events, and the spine condition more likely than not resulted entirely from the track switch incident.[38] Defendant also cites the testimony of Dr. William McCraney,[39] the treating physician for Plaintiff's right elbow strain, who testified that he would have expected Plaintiff to return to work from the elbow strain within one and a half months of the injury.[40] "[I]t is for the jury to decide whether any, and if any what, weight is to be given to the testimony" of expert witnesses.[41]

The parties agree the SAA does not apply to track switches.[42] Defendant has cited evidence in the record to show there is a genuine issue of material fact as to whether *all* of Plaintiff's injuries resulted, in whole or in part, from the handbrake incident or whether some of his injuries resulted solely from the track switch incident. As a result, the Court finds Plaintiff has not shown he is entitled to judgment as a matter of law on the issue of liability as to all of his injuries. The Court denies Plaintiff's motion for partial summary judgment on the issue of liability.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion for partial summary judgment on the issue of liability, filed by Plaintiff Victor Andrews, be and hereby is **DENIED**.[43]

---

[38] *Id.* at ¶¶ 19–20.
[39] R. Doc. 32-4.
[40] R. Doc. 32-1 at 4–5, ¶ 22.
[41] *Sartor v. Ark. Nat. Gas Corp.*, 321 U.S. 620, 627 (1944).
[42] R. Doc. 45 at 8, ¶ 7(j).
[43] R. Doc. 23.

6

**IT IS FURTHER ORDERED** that the request for oral argument on Plaintiff's motion, filed by Defendant Illinois Central Railroad Company, be and hereby is **DENIED AS MOOT**.[44]

**New Orleans, Louisiana, this 16th day of May, 2019.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[44] R. Doc. 28.